IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv164
(3:05cr2)

| | |
|---|---|
| JULIAN SOTO CHAVEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed on April 15, 2008 (Doc. No. 1); Government's Motion for Summary Judgment, filed August 14, 2008 (Doc. No. 8); and Petitioner's Response to Government's Motion, filed September 23, 3008 (Doc. No. 10) .

### PROCEDURAL HISTORY

On January 25, 2005, Petitioner was named in two counts of a three-count Bill of Indictment. (Case No. 3:05cr2, Doc. No. 3). Count One charged Petitioner with conspiracy to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841, 846. Count Three charged Petitioner with using and carrying a firearm during and in relation to a drug trafficking crime and possessing said firearm in furtherance of such drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Petitioner was arraigned on March 2, 2005. (Case No. 3:05cr2, Doc. No. 20). On May 3, 2005, Petitioner filed a Motion to Continue his criminal case from the May trial term. (Case No. 3:05cr2, Doc. No. 24). On June 21, 2005, this Court continued Petitioner's criminal case until the July 18, 2005 trial term. (Case No.

3:05cr2, Doc. No. 31). On July 11, 2005, Petitioner filed another Motion to Continue requesting that his case be moved from the July trial term. (Case No. 3:05cr2, Doc. No. 35). On that same day, this Court denied Petitioner's Motion to Continue. (Case No. 3:05cr2, Doc. No. 36). On July 27, 2005, the Government filed a Superceding Indictment which, among other things, charged Petitioner with violating § 922(g). (Case No. 3:05cr2, Doc. No. 39). On November 7, 2005, after opening arguments were conducted at his trial, Petitioner entered a straight up guilty plea at a Rule 11 hearing. (Case No. 3:05cr2, Doc. No. 65). On August 1, 2006, this Court sentenced Petitioner to 120 months imprisonment on the drug charge and a 60 month consecutive sentence on the firearm charge, but the § 922(g) charge was dismissed by the Government as part of Petitioner's plea. The Court entered Judgment on August 7, 2006. (Case No. 3:05cr2, Doc. No. 76).

On August 11, 2006, Petitioner filed a Notice of Appeal. (Case No. 3:05cr2, Doc. No. 81). Petitioner's appellate counsel filed an Anders[1] brief stating there were no meritorious issues for appeal. In a pro se supplemental brief, Petitioner argued that his right to a speedy trial was violated and that his guilty plea was not knowing and voluntary because the district court failed to inform him of the nature of the firearm count. See United States v. Chavez, 247 F. App'x 448, 449 (4th Cir. 2007) (unpublished). On September 13, 2007, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence and conviction. Id.

On April 11, 2008, Petitioner timely filed the instant Motion to Vacate. (Doc. No. 1). In his Motion, Petitioner alleges that his counsel was ineffective because he allowed Petitioner to plead guilty without asserting that a speedy trial act violation had occurred. In addition,

---

[1] Anders v. California, 386 U.S. 738 (1967).

Petitioner alleges that his counsel was ineffective for not objecting at the plea hearing to the Government's failure to present a factual basis for Petitioner's § 924(c) charge and for not advising the Court of this failure and Counsel's own ineffectiveness.

## ANALYSIS

**I.  STANDARD OF REVIEW**

    **A.  2255 Proceedings**

Sentencing courts must promptly examine motions to vacate. See Rules Governing § 2255 Proceedings, Rule 4, 28 U.S.C.A. foll. § 2255. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . " Id. If the motion is not dismissed, the district court must direct the government to respond or order other action. Id. Accordingly, this Court has reviewed Petitioner's Motion to Vacate and the record evidence, and as hereinafter explained, such review establishes that Petitioner is not entitled to habeas relief on any of his claims.

    **B.  Ineffective Assistance of Counsel**

Petitioner's ineffective assistance of counsel claims are governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective in that it fell below an objective standard of reasonableness, and that petitioner was prejudiced thereby; that is, there is a reasonable probability that but for the error, the outcome would have been different. See id; see also United States v. Mayfield, 320 Fed. App'x 190, 191 (4th Cir. 2009). In determining whether counsel's conduct was defective, there is a strong presumption that it fell within the

wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

A petitioner who alleges ineffective assistance of counsel in connection with the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). In order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).

## II. CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Failure to Raise Speedy Trial Violation

Petitioner alleges that his counsel was ineffective because he failed to file a Speedy Trial Act motion. (Doc. No. 1 at 4). Superficially, the claim is galling: the petitioner files two motions to continue, then argues his Speedy Trial rights were violated. But under the Speedy Trial Act, it is the Court's responsibility to bring a defendant to trial within seventy day's of the Act's application; here, Chavez was arraigned on March 2, 2005[2] and did not plead guilty until November 7, 2005– a period greater than 70 days on its face. See 18 U.S.C. § 3161(c)(1). The government responds that no Speedy Trial Act violation occurred under either of two scenarios; first, if this Court follows the Second Circuit's reasoning that a superceding indictment resets the clock, then only six days elapsed. Alternatively, even if this Court declines to follow the Second Circuit, the government asserts that only forty days elapsed when the continuances are properly taken into account. (Doc. 7 at 5-7).

This claim fails because, at a minimum, Petitioner cannot establish the requisite

---

[2] The parties agree that this began the Speedy Trial Act clock. (Doc. 10 at 4).

prejudice. There is no indication that if Petitioner's counsel had made a motion to dismiss the indictment under the Speedy Trial Act, then this Court would have found it meritorious and dismissed the petitioner's Indictment. In determining whether to dismiss such an indictment (with or without prejudice), a district court considers the following factors: "the seriousness of the offense, the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on . . . the administration of justice." 18 U.S.C. § 3162(a)(2). These factors do not favor dismissal in this case. The charges against Petitioner were very serious and involved approximately eight kilograms of cocaine, $111,000.00 in U.S. currency, 42.9 grams of cocaine, 846.2 grams of marijuana, and three firearms. (Case No. 3:05cr2, Doc. No. 117). Indeed, Petitioner was ultimately sentenced to a total sentence of 180 months imprisonment. (Case No. 3:05cr2, Doc. No. 76). None of the factors possibly contributing to the alleged violation of Petitioner's speedy trial rights are linked to the Government. Finally, Petitioner has not demonstrated, nor can this Court discern, that the impact of re-prosecution on the administration of justice would have been significant.

In his response to the government's Motion for Summary Judgment, Petitioner argues that if his criminal case had been dismissed without prejudice, the government may have decided not to re-prosecute him. (Doc. No. 10 at 8). This, Petitioner argues, would have allowed him to insist that the government submit all evidence against him via discovery, which could have presented a challenge. However, it is Petitioner's burden to establish that he would not have been re-prosecuted, and his speculation does not meet this burden. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (holding that a petitioner bears the burden of establishing his claim by a preponderance of the evidence). Petitioner does not offer any evidence that a new

5

trial would place him in a better position than he was in the instant case, and so he has not established a claim of prejudice. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing"). Because Petitioner cannot establish that he was prejudiced by the failure of his counsel to raise a Speedy Trial Act claim, his claim of ineffective assistance of counsel is dismissed

**B.     Failure to Object to Lack of Factual Basis for § 924(c) Charge**

Petitioner also alleges that his counsel provided ineffective assistance by not objecting to the government's failure to present a factual basis at the plea hearing for his § 924(c) charge. (Doc. No. 1 at 4). The factual basis for a guilty plea need only be determined by the court before judgment is entered. See Fed R. Crim. P 11(b)(3). In the instant case, counsel stipulated at the sentencing hearing, based upon the pre-sentence report, to the existence of a factual basis for Petitioner's guilty plea. (Case No. 3:05cr2, Sent. Hearing Tr. at 5-6). Accordingly, Petitioner's criminal proceeding complied with the requirements of Rule 11(b)(3). Further supporting this conclusion is the Fourth Circuit's holding that this Court "conducted a thorough Rule 11 colloquy that assured [Petitioner's] plea was knowing and voluntary." (Case No. 3:05cr2, Doc. No. 121 at 3). Because Petitioner's counsel would have had no basis for making the desired objection at the plea hearing, Counsel's performance was not deficient and Petitioner was not prejudiced. Petitioner's ineffective assistance of counsel claim on this basis fails.

**C.     Failure to Address Petitioner Regarding Elements of § 924(c)**

Petitioner also alleges that his counsel was ineffective for not objecting when, at the plea hearing, the judge failed to address Petitioner regarding the elements of the § 924(c) charge. (Doc. No. 1 at 4). Petitioner contends that he was unaware of the elements of this charge and

6

would not have pled guilty if he had known the elements because he did not carry or use a firearm in connection with a drug trafficking crime.³

Petitioner's claim does not square with his sworn statements to both the magistrate and district court judges that he discussed the content of the indictment with his attorney and fully understood the charges.⁴ At his plea hearing, Petitioner informed the Court that he had received a copy of his indictment and reviewed it with his attorney. (Case No. 3:05cr2, Doc. No. 104 at 4). Then the Court informed Petitioner that Count Two charged that on January 13, 2005, he "during and in relation to a drug trafficking crime, specifically the possession with intent to distribute cocaine . . . did knowingly and unlawfully use and carry a firearm and possess that firearm in furtherance of drug trafficking." (Id. at 5). The Court also informed Petitioner that Count Three charged that he "during and in relation to the same drug trafficking crime, used and carried a firearm and possessed in furtherance of the drug trafficking a firearm" and specifically referred to the .40 caliber Smith and Wesson and 9 millimeter KAHR handgun seized by law enforcement. (Id. at 6). When the Court asked Petitioner if he understood these charges, he said yes. (Id. at 7). Petitioner also acknowledged that he had enough time to discuss his case with his attorney and was satisfied with his attorney's services. (Id. at13). Finally, Petitioner

---

³ Recall that Petitioner was indicted for knowingly and unlawfully using and carrying a firearm during and in relation to a drug trafficking crime, and, in furtherance of such drug trafficking crime, possessing said firearm. (Case No. 3:05cr2, Doc. Nos. 3, 39).

⁴ In reaching its decision, this Court, in accordance with the law, has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (declaring that representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding); see also United States v. DeFusco, 949 F.2d 114,119 (4th Cir. 1991) (holding that statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of the plea).

swore under oath that he understood all the parts of the plea hearing but still wanted to plead guilty. (Id.). Thus, the record establishes that Petitioner was informed of the elements of a § 924(c) charge, and Petitioner has not demonstrated otherwise. Consequently, Petitioner's ineffective assistance of counsel claim on this basis fails.

        **D.**        **Failure to Properly Advise Regarding Elements of § 924(c) Charge**

Petitioner also argues that the evidence was insufficient to convict him of a § 924(c) charge, and therefore his counsel was ineffective for allowing him to plead guilty. See (Doc. No. 1-2 at 2). In support of his claim, Petitioner suggests that officers may have manipulated the evidence and questions whether testimony ever established possession. See (Id. at 11-12).

Petitioner's claims amount to unsupported speculation that does not provide persuasive evidence to support this collateral attack, and so his claim fails. Moreover, the presentence report establishes that Petitioner and his brother were observed engaging with informants in a drug deal involving a significant amount of sham cocaine. (Case No. 3:05cr2, Doc. No. 117, ¶¶ 7-8). As a result of these observations, agents obtained a warrant and searched the brother's house. (Case No. 3:05cr2, Doc. No. 117, ¶ 9). While conducting the search, agents found two firearms in a bedroom that also contained Petitioner's identification card and Mexican passport.[5] (Id.). Another gun was located in the room with Petitioner's brother's identification cards. (Id.). The report also states that the agents found a large amount of money, cocaine, and marijuana in the house, as well as a vacuum sealer and drug ledgers. (Case No. 3:05cr2, Doc. No. 117, ¶ 9). These facts are sufficient to establish a factual basis for a § 924(c) charge. See U.S. v. Lomax,

---

[5] Petitioner asserts in his Reply to the Motion for Summary Judgment that there is no impartial witness to testify as to the discovery of the identification and the guns in each of the brother's rooms. (Doc. No. 10 at 13). This contention lacks any merit. Law enforcement officers routinely testify and such testimony can alone be sufficient to establish certain facts.

293 F.3d 701, 705 (4th Cir. 2002) (setting forth various ways a defendant engaged in drug trafficking may use his possession of a firearm to advance his drug trafficking); see also United States v. Milbourne, 129 F. App'x 861, 868-69 (4th Cir. 2005) (holding that a reasonable juror could find a § 924(c) violation where gun discovered during execution of search warrant was located between mattress and box spring across from closet containing drugs). The undisputed facts are sufficient to support Petitioner's admission under oath that he possessed the firearms in furtherance of a drug trafficking offense, and his counsel was not ineffective for "allowing" Petitioner to plead guilty to the § 924(c) charge.

Based upon the facts set forth in the presentence report, which formed the factual basis for his guilty plea, Petitioner's counsel was not ineffective for advising Petitioner that such facts were sufficient to support a conviction under § 924(c). The undisputed presence of the two firearms in a bedroom with Petitioner's identification cards, with a significant amount of drugs and money elsewhere in the house, all of which was discovered after Petitioner was observed engaging in a large drug deal, is sufficient to support a § 924(c) violation.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Government's Motion for Summary Judgment (Doc. No. 8) is **GRANTED**; and

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**.

3. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**IT IS SO ORDERED.**

Signed: September 30, 2010

Robert J. Conrad, Jr.
Chief United States District Judge